

# OFFICE OF DISCIPLINARY COUNSEL
## THE BOARD ON PROFESSIONAL RESPONSIBILITY
### DISTRICT OF COLUMBIA COURT OF APPEALS

515 Fifth Street, N.W.
Building A, Room 117
Washington, D.C. 20001
(202) 638-1501    Fax (202) 638-0862

(*Please print or type*)

Date: Feb. 16, 2017

A. Your Name: (Dr.) (Mr.) (Ms.) (Mrs.)
   Jamie (First)   M. (Initial)   Greenzweig (Last)

   Address: 12000 Government Center Pkwy, Ste 549
   (Street)   (Apt. #)
   Fairfax (City)   VA (State)   22035 (Zip)

   Business Telephone: 703-324-2614   Home Telephone: n/a   Cell: 610-800-1421
   (NOTE: It is very important that we have your telephone number(s) and that you inform our office if you have a change of address.)

B. Attorney Complained Of:
   Name: Martin (First)   (Initial)   McMahon (Last)
   Address: 1150 Connecticut Ave., N.W., Ste. 900
   (Street)   (Apt. #)
   Washington (City)   DC (State)   20036 (Zip)
   Telephone No.: 202-862-4343   Attorney's Bar No., if known: 196642

C. Have you filed a complaint about this matter anywhere else? ☒ Yes ☐ No // If yes, please give details.
   Virginia State Bar. See attached.

D. Do you have a written retainer agreement with the attorney? ☐ Yes ☒ No // If yes, please attach a copy.

E. Where applicable, state the name of the court where the underlying case was filed, and the case name and number.
   Tomasello v. Reilly, et al. (Case No. CL-2016-7306) Fairfax County Circuit Court

F. Do you have other documents that are relevant? ☒ Yes ☐ No // If yes, please give details and provide copies.
   See attached email correspondence.

**SEE REVERSE SIDE FOR REQUIRED DETAILS & SIGNATURE**

G. DETAILS OF COMPLAINT: I have reliable information that Mr. McMahon forged the signatures of Having Lewis and W. Jameson

Continued on next side ➲

EXHIBIT 16

Fox on pleadings in Tomasello v. Reilly, et. al. These documents are attached hereto. Additional information is included in the Virginia State Bar Inquiry Form that is also attached hereto.

**The Undersigned hereby certifies to the Office of Disciplinary Counsel that the statements in the foregoing Complaint are true and correct to the best of my knowledge.**

_Jamie M. Quinn_
SIGNATURE

EXHIBIT 16




# Inquiry Form
## VIRGINIA STATE BAR

**Mail to:**
VIRGINIA STATE BAR
INTAKE OFFICE
1111 East Main Street, Suite 700
Richmond, Virginia 23219-3565
Telephone: (804) 775-0570

NOTE: Send in this form if you have concerns about a lawyer's conduct. Your inquiry might result in discipline to the lawyer. If you are seeking other remedies against the lawyer, you may need to seek legal advice from a lawyer in private practice. Also, the bar may require your further involvement in an investigation by asking you to be interviewed by a bar investigator and/or to participate at a hearing.

**YOUR NAME:** _ Mr.  _ Mrs.  _ Miss  x Ms.
Jamie (first)   M (initial)   Greenzweig (last)

**YOUR ADDRESS:**
street: 12000 Government Center Pkwy
Suite 549
city: Fairfax   state: VA   zip code: 22030
e-mail: jamie.greenzweig@fairfaxcounty.gov

Daytime Telephone No.:
☒ home (610) 800-1421
☒ work (703) 324-2614
Other Telephone No. and times you can be reached:
☐ ( )
☐ ( )

**LAWYER'S NAME:**
Martin (first)   (initial)   McMahon (last)

**LAWYER'S ADDRESS:**
lawyer's law firm, if known: Martin F. McMahon & Associates
street address or P.O. Box: 1150 Connecticut Ave, N.W., Ste 900
city: Washington   state: DC   zip code: 20036

Lawyer's Telephone No.:
(202) 862-4343

**LAWYER'S ACTIONS COMPLAINED OF:**

I have reliable information that Martin McMahon violated the Rules of Professional Conduct by engaging in the unauthorized practice of law, committing forgery, and violating the rules that govern pro hac vice admission. Mr. McMahon is a DC attorney who represents Patricia Tomasello, a plaintiff in a lawsuit filed in the Fairfax County Circuit

*(Continue on the back or a separate page if you need more space. Also, attach **copies** of any documents that help explain your inquiry.)*

**YOUR SIGNATURE:** Jamie M. Greenzweig            **DATE:** 2/14/2017

**FORM MUST BE SIGNED AND DATED**
Turn this form over for more information we need from you to analyze your inquiry.

EXHIBIT 16

**LAWYER'S ACTIONS COMPLAINED OF** *(continued)*

Court (Tomasello v. Reilly, et al.); he is not barred in Virginia. Mr. McMahon claims that he was admitted pro hac vice in this case, however, it is unclear that such is true. Pursuant to a February 2, 2017, conversation I had with Hasina Lewis, the primary local counsel in this case, it was my

**List the names, addresses, and phone numbers of persons who might be able to give additional information about your inquiry:**

Hasina Lewis, 4103 Chain Bridge Rd, #103, Fairfax, (703) 591-4507

**PLEASE ANSWER THE FOLLOWING QUESTIONS:**

1. Have you or a member of your family contacted us about this lawyer before?  ☐ yes  ☒ no
   If *yes*, please state when you made the inquiry and the outcome of that inquiry.

2. Have you filed a complaint or legal action about this matter anywhere else?  ☐ yes  ☒ no
   If *yes*, state where and the outcome.

3. Describe your relationship to the lawyer who is the subject of your Inquiry by choosing from the following:
   ☐ I am the lawyer's client
   ☐ I am the lawyer's former client
   ☐ I am a relative or friend of the lawyer's client
   ☐ I am an opposing party
   ☒ I am an opposing lawyer
   ☐ Other
   If Other, please explain:

4. What is the nature of your legal case? When was the lawyer employed or appointed to represent you? How much money, if any, was the lawyer paid to represent you?
   Mr. McMahon represents a plaintiff in a lawsuit against defendants that I represent.

5. Is your concern only that you think the lawyer charged you too much?  ☐ yes  ☒ no
   If yes, you should contact the bar at (804) 775-9423 for information on fee dispute resolution.

6. Have you read the pamphlet describing the bar's attorney disciplinary process?  ☒ yes  ☐ no

EXHIBIT 16

**LAWYER'S ACTIONS COMPLAINED OF** *(continued)*

understanding that Mr. McMahon may have forged her signature on a pleading that was filed without her knowledge or consent. During that same conversation with Ms. Lewis, she indicated to me that she intended to withdraw from the case. On February 14, 2017, I received a copy of a motion to reconsider an order dismissing the case. That pleading purports to be signed by Hasina Lewis. In response to receiving a copy of that pleading, I immediately sent an e-mail to Ms. Lewis, "did you file this? it doesnt appear to be your signature, and in light of our previous conversations about Mr. McMahon forging your signature and filing pleadings without your knowledge or consent, I feel like I have to ask." Ms. Lewis promptly responded, "No, but the also haven't been answering my emails about my motion to withdraw nor have they been answering emails about what they want me to do about pleadings as how they want me to sign the order or write agree or disagree. But I have him until today or I was going to take it further. Thank you for bringing this to my attention. Let me get to the bottom of this today. If I need to take further action I will let you know."

**EXHIBIT 16**

| | |
|---|---|
| **From:** | jameson fox <jamesonfox@gmail.com> |
| **Sent:** | Thursday, February 16, 2017 1:19 PM |
| **To:** | Greenzweig, Jamie |
| **Subject:** | Re: Tomasello |

It is obvious to me that I was misled by my previous firm in believing that new local counsel would be appointed. My inexperience with the process probably allowed this to continue longer than it should, and for that I apologize. I will need to think about how to respond to the issue of the forgery. For the purposes of this matter, however, if I confirm to you that the plaintiff consents to the entry of the order, will that suffice for you?

On Thu, Feb 16, 2017 at 1:02 PM, Greenzweig, Jamie <Jamie.Greenzweig@fairfaxcounty.gov> wrote:

See attached order that is purportedly signed by you.

In short, this case was dismissed on demurrer; an amended complaint was filed; the defendants demurred; the demurrer was sustained in part and overruled in part; the defendants filed a motion to reconsider; the plaintiff was given until February 3, 2017, to file a response to the motion to reconsider; the plaintiff did not file a response to the motion to reconsider; the motion to reconsider was granted and the demurrer was sustained in its entirety; the Court directed the Defendants to prepare a final order to be circulated; I prepared the attached final order and circulated it; I received the attached document this afternoon.

A hearing is scheduled for tomorrow at 10:00 a.m. for the entry of a final order in this case. In light of the fact that I know that the attached document was not signed by you or with your knowledge or consent, I **will not** present the attached order for entry.

Let me know if you have any questions or concerns.

Thanks,

Jamie

Jamie M. Greenzweig

1

**EXHIBIT 16**

Assistant County Attorney

Office of the County Attorney

12000 Government Center Parkway, Suite 549

Fairfax, Virginia 22035

Phone: (703) 324-2421

Fax: (703) 324-2665

jamie.greenzweig@fairfaxcounty.gov

**THIS COMMUNICATION CONTAINS CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATIONS AND IS NOT TO BE RELEASED TO THE PUBLIC. THIS COMMUNICATION IS EXEMPT FROM THE DISCLOSURE PROVISIONS OF THE VIRGINIA FREEDOM OF INFORMATION ACT. VA. CODE ANN. § 2.2-3705.1(2)(SUPP. 2016).**

**From:** jameson fox [mailto:jamesonfox@gmail.com]
**Sent:** Thursday, February 16, 2017 12:52 PM
**To:** Greenzweig, Jamie <Jamie.Greenzweig@fairfaxcounty.gov>
**Subject:** Tomasello

Dear Ms. Greenzweig

I await your email regarding the case you mentioned in your telephone call today.

Regards

Jameson

EXHIBIT 16

| | |
|---|---|
| **From:** | Hasina Lewis <hlewis@bugglawfirm.com> |
| **Sent:** | Tuesday, February 14, 2017 8:29 AM |
| **To:** | Greenzweig, Jamie |
| **Subject:** | Re: Patricia Tomasello v. Fairfax County (Fire) (135097) |

Hi Jamie:

No, but the also haven't been answering my emails about my motion to withdraw nor have they been answering emails about what they want me to do about pleadings as how they want me to sign the order or write agree or disagree. But I have him until today or I was going to take it further.

Thank you for bringing this to my attention. Let me get to the bottom of this today. If I need to take further action I will let you know.

Hasina A. Lewis
BUGG LAW FIRM, PLLC
4103 Chain Bridge Road, Suite 103
Fairfax, Virginia 22030
Tel: (703) 591-4507
Fax: (703) 991-8307
hlewis@bugglawfirm.com


www.bugglawfirm.com
Sent from my iPhone


On Feb 14, 2017, at 8:02 AM, Greenzweig, Jamie <Jamie.Greenzweig@fairfaxcounty.gov> wrote:

> did you file this? it doesnt appear to be your signature, and in light of our previous conversations about Mr. McMahon forging your signature and filing pleadings without your knowledge or consent, I feel like I have to ask.
>
> Thanks,
>
> Jamie
>
> Jamie M. Greenzweig
> Assistant County Attorney
>
> Fairfax County Attorney's Office
> 12000 Government Center Parkway
> Suite 549
> Fairfax, Virginia 22035
> Phone: 703-324-2421
> Fax: 703-324-2665

1

**EXHIBIT 16**

---------- Forwarded message ----------
From: "Sherin, Cathleen A"
<Cathleen.Sherin@fairfaxcounty.gov<mailto:Cathleen.Sherin@fairfaxcounty.gov>>
Date: Tue, Feb 14, 2017 at 7:45 AM -0500
Subject: Patricia Tomasello v. Fairfax County (Fire) (135097)
To: "Greenzweig, Jamie"
<Jamie.Greenzweig@fairfaxcounty.gov<mailto:Jamie.Greenzweig@fairfaxcounty.gov>>


Plantinff's Motion to Reconsider.pdf

<Plantinff's Motion to Reconsider.pdf>

EXHIBIT 16

IN THE CIRCUIT COURT FOR FAIRFAX COUNTY, VIRGINIA

| | |
|---|---|
| Patricia Tomasello ) | |
| ) | Case No. CL 2016-0007306 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Michael Reilly, et al. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO RECONSIDER**

**COMES NOW** the Plaintiff herein, Patricia Tomasello, and hereby files her Motion to Reconsider the Order entered February 6, 2017. The Court notes in the order that the original Demurrer hearing was scheduled for January 6, 2017, but was moved because Plaintiff "did not file a timely response." This earlier filing error was due the Plaintiff's counsel not receiving proper service from Defendant. Although Defendant's motion in support of demurrer stated in a certificate of service that it was sent via facsimile to Attorney Fox (at Pro-Hac Vice Attorney McMahon's address as well), that fax was never received.

Every prior service by Defense counsel had been also been made by mailing—local counsel Attorney Lewis did not find the Motion in support of Demurrer until just several days before the demurrer hearing date as well because of this, as prior service was made by mail with no notice of a change. All of Local Counsel's facsimile transmissions were sent to a very full digital email box—as it was faxed by Defense Counsel with no prior or post communication that this would be the method used. Being also sent during the December 2016 holidays while Attorney Lewis was not in the office, it was not seen. (The motion was not discovered by Plaintiff's Counsel until an email was sent to Defense Counsel asking

1

EXHIBIT 16

about her non-filing of an extended motion prior to the scheduled demurrer).

While the January 27, 2017 Motion to Reconsider was mailed and properly received, Plaintiff's Counsel does admit fault as to missing the email containing the Court's Suspending Order, sent after 4 PM on January 30, 2017. Plaintiff's Counsel had been under the understanding per Rules 1:12, and 1:18 of the Rules of Supreme Court of Virginia that court orders—especially changes in prior scheduling orders—would be mailed as well (with at least a facsimile confirmation of an emailed order filed being sent per Rule 1:12 if emailed—one of which was never received by Plaintiff's Counsel).

The email containing suspending was missed by Plaintiff's Counsel due to admittedly at-fault confusion over a subsequent email by local Counsel Lewis stating she was leaving the case as counsel of record. (Since then Local Counsel Lewis has agreed to remain on the case until new local Counsel is obtained to replace her shortly). Plaintiff's Counsel respectfully requests this Court to consider and approve this motion for reconsideration of the Court's February 6th Order so as not to prejudice the Plaintiff's last attempt at seeking relief. Plaintiff's Counsel also notes for the court that the argument made *infra* is essentially the same as what Plaintiff's response to Defendant's Motion for Consideration would be.

In the Court's Order granting Defendant's Motion to Reconsider sustaining the Demurrer, the Court relies primarily on the holding of *Dunn, McCormack & MacPherson v. Connolly*, 281 Va. 553, 559 (2011). In *Dunn*, the Virginia Supreme Court noted that the elements for the tort of intentional interference with an employment relationship are:

> "(i) the existence of a valid contractual relationship or business expectancy; (ii) knowledge of the relationship or expectancy on the part of the interferer; (iii) intentional interference inducing or causing *a breach or termination of the relationship or expectancy*; and (iv) resultant damage to the party *whose relationship or expectancy has been disrupted.*"

*Id.* (internal quotations omitted). The most recent Virginia jury instruction definition

2

EXHIBIT 16

given for the third element is: "That the defendant intentionally interfered thereby inducing or causing a breach or termination *of any such relationship.*" Va. Prac. Jury Instructions § 50:1, (Part III. Intentional torts—Forms of Instructions, Chapter 50. Interference with Contractual Rights) (emphasis added). As outlined in the complaint, Plaintiff had a valid contractual relationship and expectancy to work as a uniformed, ranked fire fighter. ¶¶ 109-113. Her position and expectancy of performing her duties as a uniformed officer was known to the Defendants. ¶ 114. Defendants intentionally interfered with and induced a breach and "termination of the relationship [and] expectancy" to work as a uniformed officer. ¶¶ 115—125. As fully alleged in the complaint, Plaintiff has suffered resulting damages because her "expectancy [to keep her position as a uniformed fire fighter] has been disrupted." ¶¶ 126—127. Plaintiff had an employment relationship as—and an expectancy therefore to remain as—a uniformed firefighter.

This is not simply a case where the Defendant still employs the Plaintiff, as the Court asserts. Plaintiff's civilian position would at best constitute a new at-will employment contract that is wholly different from her previous at-will employment contract as a uniformed firefighter. As noted previously by the Court and in Plaintiff's brief in opposition to the Demurrer, the new employment contract was signed under duress. The attachment to Defendant's Motion to Reconsider should not be considered without taking into context its relationship to the other documents submitted under stipulation and its relationship to the pleadings in the Complaint noting this duress. Plaintiff's complaint for intentional interference stems from the termination of her proper expectancy of the at-will contract as a uniformed firefighter to continue—Defendant's exhibit in fact supports Plaintiff's contention that the referenced position in the order is for a new at-will contract, and not the expected position that was wrongfully terminated. As further noted in *Dunn*:

3

EXHIBIT 16

The purpose of a demurrer is to determine whether a motion for judgment states a cause of action upon which the requested relief may be granted. A demurrer tests the legal sufficiency of facts alleged in the pleadings, not the strength of proof. Accordingly, we accept as true all properly pled facts and inferences fairly drawn form those facts." *Dunn*.

If taken as true at this stage, the complaint has therefore adequately pled the elements to meet all the required elements of tortious interference with an employment contract as outlined in *Dunn*. As a full analysis of Plaintiff's pleadings meet the test for Intentional Interference with an Employment Contract, Count I – Civil Conspiracy based on that tort should survive demurrer as well.

Patricia Tomasello<br>
By Counsel

**Hasina Lewis,**
**PLAINTIFF'S COUNSEL**

By: _____

Hasina A. Lewis, Esq. Bar No. 84115
4103 Chain Bridge Road, Ste. 103
Fairfax, VA 22030
Tel: (703) 591-4507
hlewis@bugglawfirm.com

_____

Martin F. McMahon Esq.
Admitted Pro Hac Vice
DC Bar No. 196642
Martin F. McMahon & Associates
1150 Connecticut Avenue, N.W.,
Suite 900
Washington, D.C. 20036
(202) 862-4343
mm@martinmcmahonlaw.com

p

4

EXHIBIT 16

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of February, 2016, a true and correct copy of the foregoing was sent via first-class mail, postage prepaid to:

Jamie M. Greenzweig
Fairfax County Attorney's Office
12000 Government Center Parkway, Ste. 549
Fairfax, Virginia 22035
Fax: (703) 324-2665

_____
Martin F. McMahon Esq.
Admitted Pro Hac Vice

5

**EXHIBIT 16**

IN THE CIRCUIT COURT FOR FAIRFAX COUNTY, VIRGINIA

| | |
|---|---|
| Patricia Tomasello ) | |
| ) | Case No. CL 2016-0007306 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Michael Reilly, et al. ) | |
| ) | |
| Defendants. ) | |

## [PROPOSED] ORDER

Upon consideration of Plaintiff's Motion to Reconsider, for the reasons set forth and for good cause shown, the Court is of the opinion and finds that the Order date February 6th, 2017 should be withdrawn, with Defendant's January 27, 2017 Motion to Reconsider being denied. Accordingly, it is this _____ day of _____, 2017,

ORDERED that Defendant's January 27, 2017 Motion to Reconsider be and hereby is DENIED.

_____
Hon. Brett A. Kassabian

RULES OF SUPREME COURT OF VIRGINIA
PART ONE
RULES APPLICABLE TO ALL PROCEEDINGS

**Rule 1:12. Service of Papers after the Initial Process.**

All pleadings, motions and other papers not required to be served otherwise and requests for subpoenas duces tecum shall be served by delivering, dispatching by commercial delivery service, transmitting by facsimile, delivering by electronic mail when Rule 1:17 so provides or when consented to in writing signed by the person to be served, or by mailing, a copy to each counsel of record on or before the day of filing.

Subject to the provisions of Rule 1:17, service pursuant to this Rule shall be effective upon such delivery, dispatch, transmission or mailing, except that papers served by facsimile transmission completed after 5:00 p.m. shall be deemed served on the next day that is not a Saturday, Sunday, or legal holiday. Service by electronic mail under this Rule is not effective if the party making service learns that the attempted service did not reach the person to be served.

At the foot of such pleadings and requests shall be appended either acceptance of service or a certificate of counsel that copies were served as this Rule requires, showing the date of delivery and method of service, dispatching, transmitting, or mailing. When service is made by electronic mail, a certificate of counsel that the document was served by electronic mail shall be served by mail or transmitted by facsimile to each counsel of record on or before the day of service.

**Last amended by Order dated March 1, 2011; effective May 2, 2011.**

EXHIBIT 16

RULES OF SUPREME COURT OF VIRGINIA
PART ONE
RULES APPLICABLE TO ALL PROCEEDINGS

**Rule 1:18. Pretrial Scheduling Order.**

    A. In any civil case the parties, by counsel of record, may agree and submit for approval and entry by the court a pretrial scheduling order. If the court determines that the submitted order is not consistent with the efficient and orderly administration of justice, then the court shall notify counsel and provide an opportunity to be heard.

    B. In any civil case in which a pretrial scheduling order has not otherwise been entered pursuant to the court's normal scheduling procedure, the court may, upon request of counsel of record for any party, or in its own discretion, enter the pretrial scheduling order contained in Section 3 of the Appendix of Forms at the end of Part I of these Rules (Uniform Pretrial Scheduling Order). The court shall cause copies of the order so entered to forthwith be transmitted to counsel for all parties. If any party objects to or requests modification of that order, the court shall (a) hold a hearing to rule upon the objection or request or (b) with the consent of all parties and the approval of the court, enter an amended pretrial scheduling order.

    C. With the exception of domestic relations cases, a court may not enter a scheduling order which deviates from the terms of the Uniform Pretrial Scheduling Order unless either (1) counsel of record for all parties agree to different provisions, or (2) the court, after providing an opportunity for counsel of record to be heard, makes a finding that the scheduling order contained in the Appendix is not consistent with the efficient and orderly administration of justice under the specific circumstances of that case.

**Last amended by Order dated February 28, 2014; effective May 1, 2014.**

EXHIBIT 16

**VIRGINIA:**

**IN THE CIRCUIT COURT FOR THE COUNTY OF FAIRFAX**

| | |
|---|---|
| PATRICIA TOMASELLO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CL 2016-0007306 |
| MICHAEL REILLY, et al. | ) ) ) |
| Defendants. | ) ) |

## FINAL ORDER

**THIS MATTER CAME BEFORE THE COURT** on Friday, January 20, 2017, upon Defendants' Demurrer to the Amended Complaint. At the conclusion of the hearing, the Court announced its decision from the bench, and entered an Order sustaining the Demurrer as to Count III (Intentional Infliction of Emotional Distress), with prejudice, and Overruling the Demurrer as to Count I (Civil Conspiracy) and Count II (Intentional Interference with an Employment Contract).

On January 27, 2017, the Defendants filed a Motion to Reconsider the Court's January 20, 2017, ruling, which was unopposed. By Order dated February 6, 2017, the Defendants' Motion to Reconsider was granted and the Defendants' Demurrer to Counts I and II of the Amended Complaint were also sustained with prejudice.

**THEREFORE, IT APPEARING TO THE COURT** that there are no remaining pending claims, it is hereby

**ORDERED** this this action is **DISMISSED WITH PREJUDICE.**

**THIS CAUSE IS ENDED.**

EXHIBIT 16

ENTERED this ____ day of February, 2017.

_____
JUDGE BRETT A. KASSABIAN
FAIRFAX COUNTY CIRCUIT COURT

WE ASK FOR THIS:

**ELIZABETH D. TEARE**
**COUNTY ATTORNEY**

By: _____
    **Jamie M. Greenzweig, Esquire**
    **Assistant County Attorney**
    Virginia State Bar No. 75066
    12000 Government Center Parkway, Suite 549
    Fairfax, Virginia 22035-0064
    Phone: (703) 324-2421
    Fax: (703) 324-2665
    E-Mail: Jamie.Greenzweig@fairfaxcounty.gov
    *Counsel for Defendants Michael Reilly, Manuel Anthony Barrero, Edward Brinkley, Glenn Jackson, Michael Lewis, Daniel Kwiatkowski, Sheryl Hemingway, James Sobota, John Diamantes, Guy Morgan, Terry Hall, Phyllis Schwartz, John Caussin, Richard Bowers, and Brian Edmonston*

SEEN and _____:

By: _____
    W. Jameson Fox, Esquire
    Martin F. McMahon, Esquire
    Martin McMahon & Associates
    1150 Connecticut Ave., N.W., Suite 900
    Washington, D.C. 20036

*Tomasello v. Reilly, et al.*, Fairfax County Circuit Court Case No. CL 2016-0007306, Dismissal Order

**EXHIBIT 16**

Joshua Erlich, Esquire
The Erlich Law Office, PLLC
2111 Wilson Blvd, Suite 700
Arlington, VA 22201

Seifeselassie Lemma, Esquire
1100 H St, N.W.
Washington, D.C. 20005

Hasina A. Lewis, Esquire
The Bugg Law Firm, PLLC
4103 Chain Bridge Rd., Ste. 103
Fairfax, VA 22030

*Tomasello v. Reilly, et al.*, **Fairfax County Circuit Court Case No. CL 2016-0007306, Dismissal Order**

EXHIBIT 16