## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PATRICIA TOMASELLO,** *et al.*  ) | |
|                                   ) | |
|     **Plaintiffs,**       ) | |
|                                   ) | |
| v.                                ) | Civil Action No.: 1:19-cv-00384-KBJ |
|                                   ) | |
| **JAMIE GREENZWEIG,** *et al*.    ) | |
|                                   ) | |
|     **Defendants.**       ) | |

### MEMORANDUM IN SUPPORT OF MOTION TO QUASH

Defendant Hasina Lewis, by counsel, pursuant to Fed. R. Civ. P. 4, moves this Court to quash the plaintiff's attempted service as improper. In support of this motion, defendant states as follows:

On February 15, 2019, plaintiffs sent a copy of the Complaint by certified mail to defendant Hasina Lewis' office address at 4103 Chain Bridge Road in Fairfax, Virginia (*See* Exhibit A). The manila envelope addressed to Lewis contained only a copy of the Summons and Complaint and general forms for proof of service and consent to trial by a U.S. Magistrate. Lewis did not personally sign for the certified mailing, and she was never personally served.

"When a defendant challenges service of process in a federal court proceeding, the plaintiff 'must demonstrate that the procedure [he] employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law.'" Candido v. D.C., 242 F.R.D. 151, 159 (D.D.C. 2007); citing Wilson v. Prudential Fin., 332 F.Supp.2d 83, 87 (D.D.C.2004) (quoting Light v. Wolf, 816 F.2d 746, 751 (D.C.Cir.1987)). Here, plaintiffs failed to comply with Rule 4 to properly serve the Complaint

Under Fed. R. Civ. P. 4 (c)(2), service can be made by any person who is at least 18 years old and not a party or (3) by a Marshall or other specially appointed person. No personal service was attempted or made in this instance.

If there is no personal service, plaintiffs could have requested that Lewis waive service by following the requirements of Rule 4 (d). Plaintiffs would have been required to send a notice and a request for waiver along with forms and instructions as specified in Rule 4(d)(1). Moreover, the defendant must be given at least 30 days to return the waiver. None of these forms were in the manila envelope sent to Lewis, and she did not waive service.

By their mailing, plaintiffs have improperly attempted to effect service by mail, since no effort as personal service was made. Plaintiffs completely failed to comply with the rules for service by waiver, so that their attempted service must be quashed.

WHEREFORE, defendant Hasina Lewis requests that this Court grant her Motion and enter an Order quashing service of the Complaint.

**HASINA LEWIS**

By:   /s/ David D. Hudgins
Counsel

David D. Hudgins, Esquire; D.C. Bar No. 362451
HUDGINS LAW FIRM, P.C.
515 King Street, Suite 400
Alexandria, Virginia  22314
(703) 739-3300
dhudgins@hudginslawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of March, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification of such filing (NEF) to all counsel of record.

By: /s/ David D. Hudgins
Counsel