**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **PATRICIA TOMASELLO,** *et al.* )  | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil Action No.: 1:19-cv-00384-KBJ |
| ) | |
| **JAMIE GREENZWEIG,** *et al*. ) | |
| ) | |
| **Defendants.** ) | |

<u>**DEFENDANT HASINA LEWIS'S MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**</u>

**TABLES OF CONTENTS**

TABLE OF AUTHORITIES………………………..…………………….…………...….…3

I.    INTRODUCTION……………………………………………………………...………5

II.    BACKGROUND FACTS......................................................................................................6

III.    MOTION TO QUASH FOR IMPROPER SERVICE WITHDRAWN……………..……9

IV.    ARGUMENT……………………………………………………………………..………9

    A.  PLAINTIFFS LACK SUBJECT MATTER JURISIDICTION…………………...…..9

    B.  VENUE IS IMPROPER……………………………………….......……...…..……..10

    C.  PLAINTIFFS HAVE FAILED TO STATE A PLAUSIBLE CLAIM AGAINST LEWIS……………………………………………..………………...………..12

      1.  Counts I & II Alleging Conspiracy Fail to State a Claim Against Lewis………………………………………………………..………………. 12

      2.  Counts for Negligence and Legal Malpractice Cannot Stand……………………14

      3.  Plaintiffs Have Failed to State a Claim for Breach of Contract…………...…..14

V.    CONCLUSION……………………………………………………………….……..…17

CERTIFICATE OF SERVICE…………………………………………..…………….…17

## TABLE OF AUTHORITIES

### CASES

17th Street Associates, LLP v. Markel Intern. Ins. Co., 373 F.Supp.2d 584 (E.D.Va. 2005)…...15

Amr v. Virginia, 58 F. Supp. 3d 27, 32 (D.D.C. 2014)……………………....………...11

Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)……....…...12, 14

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)....12, 14

Comptroller v. Calhoun First Nat'l Bank, 626 F.Supp. 137, 141 (D.D.C. 1985)………………..11

Hazel & Thomas v. Yavari, 251 Va. 162, 166, 466 S.E.2d 812, 815 (1996)……………...…..16

Hoffman v. Blaski, 363 U.S. 335, 343–44, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960)……...…...…10

Kamlar Corp. v. Haley, 224 Va. 699, 299 S.E.2d 514 (1983)………………………………...17

MNC Credit Corp. v. Sickles, 255 Va. 314, 318, 497 S.E.2d 331, 333 (1998)…………………15

O'Connell v. Bean, 556 S.E.2d 741, 743 (Va. 2002)………………………………………14

Singletary v. Howard Univ., 314 F. Supp. 3d 330, 333 (D.D.C. 2018)……………………….12

Steen v. Murray, 770 F.3d 698, 704 (8th Cir. 2014)……………………………………..11

Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)…...10

Weinberger v. Tucker, 391 F. Supp. 2d 241, 243 (D.D.C. 2005)…………………….....…10, 11

Williams v. Wilkie, 320 F. Supp. 3d 191, 196 (D.D.C. 2018)……………………....…9, 12

### STATUTES

28 U.S.C. § 1331……………………………….........………………………………..9

28 U.S.C. § 1391(b)……………………………………………………………………10

28 U.S.C. § 1404(a)……………………………………………………………………..10

28 U.S.C. § 1406…………………………………………………………………….....11

28 U.S.C. §1367……………………………………………………………………….9

28 U.S.C.A. § 1391 (West)…………………………………………………………..10

29 U.S.C. §1331……………………………………………………………………………....9

42 U.S.C. § 1985……………………………………………………………………………...8

42 U.S.C. §1983……………………………………………………………………….8, 12, 13

42 U.S.C. §1985………………………………………………………………………….....9

42 U.S.C. §1985(2)……………………………………………………………………….....13

**RULES**

Fed. R. Civ. P. 12(b)(1)……………………………………………………………….…..5

Fed. R. Civ. P. 12(b)(6)……………………………………………………………..…5,12

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant Hasina Lewis, by counsel, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), moves the Court to dismiss this suit against her for failure to properly allege subject matter jurisdiction, for improper venue, and failure to state a claim upon which relief can be granted.

Plaintiffs Patricia Tomasello and Martin McMahon filed their Complaint against defendants alleging a conspiracy to obstruct justice, breach of contract, negligence and legal malpractice. All claims against Lewis are subject to dismissal for the reasons stated as follows:

### I.     Introduction

This case arises out of litigation filed in the Circuit Court of Fairfax County, Virginia entitled Tomasello v. Reilly, *et al*. wherein plaintiff McMahon acted as lead counsel for plaintiff Tomasello in her action against Michael Reilly, the Deputy Fire Chief of Fairfax County, and others alleging employment discrimination. In that litigation, Reilly was defended by defendant Greenzweig, who was serving as Assistant County Attorney for Fairfax County.[1]

Months after the Fairfax suit was filed, defendant Lewis agreed to act as local counsel for Tomasello. She handled one hearing and other minor scheduling tasks, and indicated her intent to withdraw to McMahon after about three months due to his consistent last-minute filings and demands. Through no fault of Lewis, the underlying Tomasello case was dismissed. McMahon then arranged to have this case filed naming himself and Tomasello as plaintiffs, and choosing this Court despite the lack of any connection between the facts alleged and this jurisdiction. The motivation behind this Complaint is highly suspect, and the pleading is replete with conjecture and innuendo. It is subject to dismissal for lack of subject matter jurisdiction, improper venue,

---

[1] References to "Reilly" in relation to the Fairfax litigation include all defendants in that case: Michael Reilly, Peter Pullins, Tim Young, Edward Brinkley, Glen Jackson, Michael Louis, Daniel Kwiatkowski, Sheryl Hemmingway, James Sobota, John Diamantes, Manuel Anthony Barrero, Guy Morgan, Phyllis Schwartz, Terry Hall, John Caussin, Richard Bowers, and Brian Edmonston.

and failure to state a claim for relief.

## II.     Background Facts

Tomasello initially filed suit against Reilly and others in the U.S. District Court for the Eastern District of Virginia, where she raised Title VII claims based on the same set of facts as alleged in the Virginia state court action[2] (Compl., ¶ 2). That case was dismissed after summary judgment was granted in favor of all the defendants. Rather than pursuing an appeal to the Fourth Circuit, Tomasello filed another suit in the Circuit Court for Fairfax County against Reilly and others for civil conspiracy, "intentional malicious interference with her employment relationship" and intentional infliction of emotional distress. That Complaint, filed on May 18, 2016, was signed by Tomasello's counsel McMahon and his then associate W. Jameson Fox[3] (Compl., ¶¶ 1, 19).  On July 1, 2016, Fox also filed a Motion for Admission *Pro Hac Vice* on behalf of McMahon. The papers were defective, and no order permitting McMahon to appear *pro hac vice* was ever entered in the case.[4]

After the Fairfax County case was filed and a Demurrer was pending, Fox left McMahon's firm, forcing McMahon to seek replacement local counsel. At a Calendar Control appearance on September 15, 2016, Virginia attorney Benjamin Owen with The Erlich Law Office appeared for Tomasello (Compl., ¶ 27). However, the Opposition to Demurrer filed shortly thereafter had the signature of a different Virginia attorney, Seifeselassie Lemma, along with McMahon. Around the same time, Lewis was approached by a mutual friend about the case, and she was introduced to McMahon and his team. After meeting McMahon on October 3, 2016

---

[2] Lewis was not involved in the previous litigation filed by Tomasello in the U.S. District Court for the Eastern District of Virginia (see Defendants Greenzweig and Reilly Memorandum in Support of Motion to Dismiss (Dkt 4-1, page 9).
[3] Because McMahon is not licensed in Virginia, his associate Fox, who is a Virginia lawyer, signed the pleadings.
[4] There was some confusion regarding McMahon's *pro hac vice* admission, as upon inquiry, a Fairfax County Circuit Court clerk orally advised Lewis that it had been approved.

and reviewing the case, Lewis agreed to act as local counsel in the Fairfax County litigation, entering her appearance on October 11, 2016. She was the third local counsel in the case (Compl, ¶ 16).

On October 14, 2016, Lewis attended the hearing on the Demurrer with McMahon, and she presented argument in opposition to the Demurrer. The Demurrer was sustained with leave to file an Amended Complaint, which was filed on November 4, 2016. Reilly again demurred to the Amended Complaint, and filed a lengthy brief on December 16, 2016. Because Lewis did not timely receive the brief which was served via facsimile, McMahon filed three motions on January 4, 2017: Motion for Seven Day Extension; Motion for Leave to File a Memorandum in Opposition to the Demurrer to the Amended Complaint; and Memorandum in Opposition to the Demurrer to the Amended Complaint. McMahon signed Lewis' name on all three motions.  The Court permitted Tomasello to file a late response to the Demurrer by January 11, 016 and moved the hearing from January 6, 2016 to January 20, 2017.  <u>Lewis advised Greenzweig and McMahon that she had a conflict and was not available to appear on January 20, 2017, and that she intended to withdraw as local counsel in the case</u>.

On January 20, 2017, McMahon appeared in Fairfax Circuit Court for the hearing on the Demurrer with his D.C. associate and no local counsel. McMahon apparently did not attempt to have the hearing continued or recruit a fourth Virginia attorney to appear with him. While the court did not permit any argument by McMahon, the opposing papers were considered and the Demurrer was sustained only as to Count III for intentional infliction of emotional distress. The Demurrer was overruled as to Counts I and II (Compl., ¶ 35). Reilly filed a Motion to Reconsider the Order of January 20, 2017, and the court gave Tomasello until February 3, 2017 to file a response (Compl., ¶ 38). Lewis was not involved at this point as she had made clear to

McMahon that due to lack of communication and constant last-minute filings, she would no longer act as local counsel in the case, and intended to withdraw (Compl., ¶ 37). She instructed McMahon that she was not attending any court appearances and that he was not permitted to sign her name to any filings.

McMahon failed to file any response to Reilly's Motion for Reconsideration, and on February 6, 2017, the Motion was granted (Compl., ¶ 38). McMahon belatedly filed a Motion to Reinstate, this time signing for local counsel without permission. The Fairfax Court entered an Order dismissing the case with prejudice on February 17, 2017.

Greenzweig filed bar complaints against McMahon in Virginia and DC due to his forging Lewis' and Fox's signatures on filings in the case (Compl., ¶¶ 2, 40). As a result, McMahon was disciplined which included his suspension on an interim basis.

Based on these facts, McMahon and Tomasello have alleged that Lewis somehow "conspired" with Greenzweig and her client Reilly to get Tomasello's case dismissed. Specifically, plaintiffs have included the following counts in their Complaint against Lewis: 1) Violation of 42 U.S.C. §1983 for depriving Tomasello of her right to prosecute her civil action in Virginia state court; 2) Civil Conspiracy to obstruct justice in the Tomasello case in violation of Section 2 of 42 U.S.C. § 1985; 3) Breach of Contract; 4) Negligence; 6) Legal Malpractice. Plaintiffs seek $1,000,000 for each count, as well as punitive damages.  The case is frivolous and subject to dismissal for lack of subject matter jurisdiction, improper venue and failure to state a claim for relief.

### **III.** **Motion to Quash for Improper Service Withdrawn.**

Lewis initially filed a Motion to Quash for improper service in this matter. Without acknowledging the validity of the service or this Court's jurisdiction, Lewis makes this limited appearance moving to dismiss all claims against her with prejudice.

### **IV.** **Argument**

#### A. Plaintiffs Lack Subject Matter Jurisdiction.

Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. Williams v. Wilkie, 320 F. Supp. 3d 191, 195–96 (D.D.C. 2018), *appeal dismissed* No. 18-5272, 2019 WL 1150043 (D.C. Cir. Jan. 9, 2019). Subject matter jurisdiction is controlled by 28 U.S.C. § 1331, and is a threshold issue to be considered before the merits of the case.

Tomasello and McMahon rely on alleged violations of 28 U.S.C. §1331, 42 U.S.C. §1985 and 28 U.S.C. §1367 as their basis for subject matter jurisdiction, claiming the suit involves federal questions. Despite the fact that the acts complained of in the Complaint all occurred in Virginia, plaintiffs illogically allege that the co-conspirators "entered the forum" for purposes of the conspiring to obstruct justice and violate Tomasello's "right to prosecute a viable civil action in Fairfax County Circuit Court" (Compl., ¶¶ 13-18). As noted below, there is no plausible claim under these statutes, and they are subject to dismissal. With no legitimate federal question, plaintiffs cannot establish the jurisdictional requirements to maintain this action under 29 U.S.C. §1331. The Complaint lacks diversity of citizenship, and all remaining claims against Lewis are based in state law. Accordingly, this case lacks subject matter jurisdiction and must be dismissed.

Lewis hereby adopts and incorporates the arguments of co-defendants Greenzweig and Reilly in their Motion to Dismiss at pp. 18-19 as if fully set forth herein.

B. <u>Venue is Improper</u>.

In this action, venue is governed by 28 U.S.C. § 1391(b), which provides that an action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391 (West). Here, only one defendant, Lewis, resides in D.C., although she maintains her law practice in Virginia. <u>All</u> substantive acts giving rise to plaintiffs' claims occurred in Virginia.

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." These critical questions were addressed in a legal malpractice case seeking transfer of an action from the District Court in D.C. to the Eastern District of Virginia: (1) whether plaintiffs could have originally brought this action in the Eastern District of Virginia; and (2) whether the interests of justice favor a transfer. <u>Weinberger v. Tucker</u>, 391 F. Supp. 2d 241, 243 (D.D.C. 2005), *citing* <u>Hoffman v. Blaski</u>*,* 363 U.S. 335, 343–44, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960) (holding that the power of a district to transfer under § 1404(a) is dependent upon "whether the transferee district was one in which the action 'might have been brought' by the plaintiff"); <u>Stewart Org., Inc. v. Ricoh Corp</u>*.,* 487 U.S. 22, 29,

108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (Section 1404(a) vests "discretion in the district court" to transfer cases according to an "individualized, case-by-case consideration of convenience and fairness"). In Weinberger, the defendant lawyer argued that a significant portion of the complaint described his conduct in Virginia, including his involvement in a lawsuit in the Eastern District of Virginia, and the court agreed that those contacts with Virginia supported venue in that jurisdiction. Id. at 245. Here, the entire case is based on actions taken in Tomasello's litigation in Fairfax County Circuit Court, including Lewis' assistance as Virginia local counsel, so this case should likewise be transferred or dismissed. Where the malpractice occurred exclusively in Virginia, venue in this Court is improper. *See* Steen v. Murray, 770 F.3d 698, 704 (8th Cir. 2014).

An additional factor supporting transfer to Virginia is the fact that the parties litigated a case in the Eastern District of Virginia arising from "the same factual underpinning" even though different legal issues are involved. Weinberger, 391 F.Supp. 2d at 245, *citing* Comptroller v. Calhoun First Nat'l Bank, 626 F.Supp. 137, 141 (D.D.C. 1985). In this case, the interests of justice strongly support a transfer to the court that reviewed and decided prior litigation between Tomasello and Reilly, especially because this case turns on the preclusive effect of that court's judgment. Rather than run the risk of inconsistent judgments regarding the claims asserted in the underlying case and squander judicial resources, a transfer is appropriate.[5]

Upon a showing that venue in this district is improper, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406; Amr v. Virginia, 58 F. Supp. 3d 27, 32 (D.D.C. 2014), aff'd, No. 14-5201, 2015 WL 236822 (D.C. Cir. Jan. 16, 2015). However, where transfer is not in the interests

---

[5] The employment discrimination issues previously raised would have to be part of plaintiffs' proof in any legal malpractice action as a "case within the case." McClung v. Smith, 870 F.Supp. 1384 (E.D. Va. 1994).

of justice, the case should be dismissed, rather than transferred. Id. (finding that a transfer would inappropriate as an "end-run around the barring order"). In this case, Tomasello's employment discrimination case against Reilly in the Eastern District of Virginia was dismissed on summary judgment, and continued litigation regarding this matter is not in the interests of justice.

      C.    Plaintiffs Have Failed to State a Plausible Claim against Lewis.

Under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); see also Williams v. Wilkie, 320 F. Supp. 3d 191, 196 (D.D.C. 2018), *appeal dismissed*, No. 18-5272, 2019 WL 1150043 (D.C. Cir. Jan. 9, 2019). A complaint is insufficient if it merely offers " 'labels and conclusions' " or " 'naked assertion[s]' devoid of 'further factual enhancement.' " Iqbal, 556 U.S. at 678 (*quoting* Twombly, 550 U.S. at 555, 546, 127 S.Ct. 1955). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S.Ct. 1937. Plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.*, and pleading facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility." Twombly, 550 U.S. at 545–46, 127 S.Ct. 1955; see also Singletary v. Howard Univ., 314 F. Supp. 3d 330, 333 (D.D.C. 2018).

The Complaint against Lewis should be dismissed for its failure to state a claim against Lewis under Counts I, II, III, IV and VI.

      1.    Counts I and II Alleging Conspiracy Fail to State a Claim Against Lewis.

In Count I of the Complaint, Tomasello alleged that all defendants violated 42 U.S.C.

§1983 by depriving her of her right to prosecute her civil action in Virginia state court (Compl., ¶¶ 57-62). To be liable under 42 U.S.C. §1983, facts must show that a person was a state actor who violated a constitutional right or U.S. law. Tomasello alleges that Greenzweig, an Assistant County Attorney, and Reilly, Fairfax County Deputy Fire Chief, are both state actors acting "under the color of state law" (Compl., ¶¶ 59, 60). While Lewis is a private individual – not a state actor, Tomasello claims that she qualifies as a person who acted under the color of state law (Compl., ¶ 63). There are no factual allegations against Lewis other than that she somehow "conspired" with Greenzweig and Reilly. No plausible overt acts supporting this claim of conspiracy are found in the Complaint.

Plaintiffs also fail to allege any violation of a constitutional or federally protected right as required for a §1983 action. According to the Complaint, the alleged subject of the "conspiracy" was to "secure the dismissal of the Tomasello case," a case filed in a Virginia state court (Compl., ¶ 62). Plaintiffs have failed to alleged any federally protected action. As defendants in the Virginia action, Reilly and others sought to secure the dismissal of the case. Lewis was no longer acting as local counsel at the time of the dismissal of the case, and McMahon himself was responsible for any unfavorable result to the extent any valid claim ever existed. Count I fails to state a claim against Lewis and should be dismissed.

Count II alleges violations of 42 U.S.C. §1985(2) against all defendants to obstruct justice in the Tomasello case. Plaintiffs' allegations under Count II are directed at co-defendants Greenzwig and Reilly, claiming that they sought have her case dismissed to avoid negative publicity (Compl., ¶¶ 63-69). These allegations fail to implicate Lewis in any conspiracy "to deter a party, witness, or juror from attending or testifying in any matter pending in any court of the United States" resulting in injury to Tomasello or McMahon. 42 U.S.C. §1985(2). Since

plaintiffs fail to state a claim against Lewis under Count II, it should be dismissed.

Moreover, plaintiffs' allegations of the "overt acts" by defendants to support a civil conspiracy consist of mere suppositions or inuendo, with no factual support (Compl., ¶¶ 18-41). For example, they claim that email exchanges between Lewis and Greenzweig "convinced McMahon that Lewis was not just talking with Greenzweig to set dates for oral argument but was conferring with her to coordinate the dismissal of the Tomasello case" (Compl., ¶ 31). These type of baseless allegations are not sufficient to withstand dismissal. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, *supra.*, quoting Twombly, 550 U.S. at 556, 127 S.Ct. 1955. The Complaint is rife with plaintiffs' far-fetched and groundless conclusions regarding an alleged conspiracy, and so it must be dismissed.

Lewis hereby adopts and incorporates the arguments of co-defendants Greenzweig and Reilly in their Motion to Dismiss regarding Counts I and II at pp. 18-33 to the extent applicable as if fully set forth herein.

2. Counts for Negligence and Legal Malpractice Cannot Stand.

Under Virginia law, a legal malpractice action is considered a claim for breach of contract. O'Connell v. Bean, 556 S.E.2d 741, 743 (Va. 2002)("[A]n action for the negligence of an attorney in the performance of professional services, while sounding in tort, is an action for breach of contract").[6] Therefore, Counts IV and VI alleging "negligence" and "legal malpractice" should be dismissed.

3. Plaintiffs Have Failed to State a Claim for Breach of Contract.

---

[6] Under D.C. choice of law rules, Virginia law would apply to plaintiffs' tort claims as the alleged tortious conduct and injury occurred in Virginia. See Hawkins v. Washington Metro. Area Transit Auth., 311 F. Supp. 3d 94, 104 (D.D.C. 2018).

In Count III, plaintiffs attempt to allege that Lewis breached a contract with McMahon to act as local counsel for Tomasello, and that Tomasello was a "third-party beneficiary" of that contract. The Complaint alleges that Lewis breached the alleged contract with McMahon, 1) by telling him he was admitted *pro hac vice* in the Tomasello case; and 2) by failing to appear at scheduled hearings, which resulted in the case being dismissed. Tomasello alleges she was "a distinct third-party beneficiary under the contract she had entered into with McMahon" and seeks judgment against Lewis based on her alleged breach of the alleged contract with McMahon (Compl., Count III).

Under Virginia law, elements of a breach of contract action are (1) a legally enforceable obligation of defendant to plaintiff, (2) defendant's violation or breach of that obligation, and (3) injury or damage to plaintiff caused by the breach of obligation. 17th Street Associates, LLP v. Markel Intern. Ins. Co., 373 F.Supp.2d 584 (E.D.Va. 2005). In this case, McMahon's attempt to fashion a contract claim against Lewis is not plausible. Lewis agreed to provide legal services on behalf of Tomasello, not McMahon. McMahon was not the client nor the recipient of any legal services provided. Lewis owed no duty to McMahon, who has no standing to sue her for breach of contract. McMahon also cannot sue on behalf of Tomasello, as legal malpractice claims are not assignable in Virginia. MNC Credit Corp. v. Sickles, 255 Va. 314, 318, 497 S.E.2d 331, 333 (1998). As such Lewis' initial agreement to act as co-counsel with McMahon in this matter on behalf of Tomasello cannot be the basis for a breach of contract claim as she owed him no duties based in contract or otherwise. To the extent that Tomasello's claims are derivative of McMahon's defective claims as a third-party beneficiary, they must fail.

Moreover, plaintiffs cannot show that their claimed damages were proximately caused by any of the acts alleged against Lewis, so that another essential element of their claim for

breach of contract is missing. The question of proximate causation in an attorney malpractice case is subject to an initial determination of law, so that that if "the evidence is such that reasonable minds could not differ as to the outcome, the issue of proximate cause should be decided by the court, not the jury." Hazel & Thomas v. Yavari, 251 Va. 162, 166, 466 S.E.2d 812, 815 (1996).

The alleged damage, the dismissal of the Tomasello lawsuit, was not proximately caused by Lewis' failure to appear at the Demurrer hearing. Plaintiffs acknowledge that they knew Lewis was no longer associated with the case as local counsel, and chose to attend the hearing without first obtaining substitute counsel (Compl., p. 2). Although McMahon was not permitted to argue at the hearing, the court only dismissed one of three counts, leaving Tomasello's complaint viable (Compl., ¶ 35). The dismissal was the result of the Court's consideration of the legal arguments in the Demurrer and Opposition, weighed against the allegations of the Amended Complaint drafted by McMahon.[7]

Plaintiffs also lack proximate cause since the underlying "case with a case" was barred by the doctrine of *res judicata*. Lewis adopts and incorporates the arguments of co-defendants Greenzweig and Reilly as in their Motion to Dismiss regarding *res judicata* at pp. 37-39 to the extent applicable as if fully set forth herein. To the extent plaintiffs were barred from seeking further relief in Virginia State Court following the failed federal court case, they cannot present damages against Lewis in this action.

In addition, plaintiffs' punitive damage claim should be stricken. Punitive damages are not appropriate or recoverable in a contract action. The general rule for a contract action is that damages are limited to the pecuniary loss sustained and punitive damages are not recoverable.

---

[7] See Court's Order, attached as Exhibit 5 to Greenzweig's and Reilly's Motion to Dismiss.

<u>Kamlar Corp. v. Haley</u>, 224 Va. 699, 299 S.E.2d 514 (1983).

For these reasons, plaintiffs have not stated a claim for breach of contract, and Count III should be dismissed and the punitive damage claim stricken.

### **V.**      **Conclusion**

For the foregoing reasons, defendant Hasina Lewis requests that this case be dismissed with prejudice, and costs awarded against Tomasello and McMahon, including reasonable attorneys' fees.

HASINA LEWIS

By:   /s/ David D. Hudgins
         Counsel

David D. Hudgins, Esquire; D.C. Bar No. 362451
HUDGINS LAW FIRM, P.C.
515 King Street, Suite 400
Alexandria, Virginia  22314
(703) 739-3300
dhudgins@hudginslawfirm.com

### **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of April, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification of such filing (NEF) to all counsel of record.

By: /s/ David D. Hudgins
       Counsel