IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PATRICIA TOMASELLO,** *et al.*     ) | |
| ) | |
|     **Plaintiffs,**                          ) | |
| ) | |
| v.                                    ) | Civil Action No.: 1:19-cv-00384-KBJ |
| ) | |
| **JAMIE GREENZWEIG,** *et al.*     ) | |
| ) | |
|     **Defendants.**                      ) | |

## DEFENDANT HASINA LEWIS'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

Defendant Hasina Lewis, by counsel, files this Reply to the Opposition of plaintiffs Patricia Tomasello and Martin McMahon to the Motion to Dismiss, and states as follows:

Nothing in plaintiffs' Opposition alters the arguments raised by Lewis in her Motion to Dismiss that plaintiffs have failed to state a viable claim against her and that the meritless Complaint should be dismissed. Plaintiffs "Counterstatement of Facts" are not facts at all - they are merely fantastical allegations based on unsupportable speculations. The addition of more implausible facts set forth in the Opposition adds nothing new and cannot save the defective pleading.

This Court need not accept these types of allegations, amounting to nothing more than naked assertions and legal conclusions, when ruling on Lewis' Rule 12(b)(6) motion. Brown v. Transurban USA, Inc., 144 F. Supp. 3d 809 (E.D. Va. 2015), citing Ashcroft v. Iqbal, 556 U.S. 662, 679–81, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)("And while the court must accept well-pleaded allegations as true when ruling on a Rule 12(b(6) motion, the court need not accept as true legal conclusions disguised as factual allegations"). It is clear that a pleading such as the instant Complaint, that tenders mere "naked assertion[s]" devoid of "further factual

enhancement" is insufficient. Iqbal, 556 U.S. at 678, 129 S.Ct. 1937; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

## I.     Counts I (Violation of 42 U.S.C. §1983) and II (Civil Conspiracy)

Plaintiffs' entire case is premised on their theory that Tomasello did not get "her day in Court" because of a "criminal conspiracy" involving defendants Greenzweig, Reilly and Lewis (Opp. at 12).[1] Lewis' participation in the conspiracy is alleged to be two-pronged: 1) that the hearing dates on the Demurrer and Motion for Reconsideration were kept from McMahon; and 2) that Lewis gave him bad information on the status of his *pro hac vice* application (Opp. at 15, 17, 20). McMahon attempts to lay blame on Lewis for his appearance at one hearing without required local counsel and his failure to respond at all to a motion for reconsideration seeking dismissal of Tomasello's case.

Tomasello II was not dismissed at the hearing on the demurrer where Lewis had a known conflict and did not attend. McMahon appeared without local counsel, and despite his not being permitted to argue the court considered client's position on the papers and dismissed only one of Tomasello's three counts. This prompted a Motion for Reconsideration, where Tomasello was given ample time to respond but McMahon failed to do so.[2] McMahon could have secured different local counsel to appear with him at the reconsideration hearing, yet he took no action. McMahon could have requested that the hearing be rescheduled, yet he made no such request. In any event, Tomasello's case was dismissed on its merits, and not due to the lack of local counsel's appearance as alleged.[3] *See* Order of Judge Kassabian, attached as Exhibit 1 to

---

[1] Incredibly, plaintiffs use Greenzweig's filing of a bar complaint against McMahon as one basis for the conspiracy; however, plaintiffs fail to report that the bar complaint was well-grounded, and both the Virginia Bar and the D.C. Bar disciplined McMahon for his unethical conduct. Id.

[2] The Fairfax Court entered a Suspending Order permitting plaintiffs to respond to the Motion for Reconsideration by February 3, 2017.

2

Greenzweig's Reply. It is noteworthy that Tomaello could have filed an appeal <u>but her counsel, McMahon, took no such action</u>. Any allegations by plaintiffs contrary to the undisputed procedural history of Tomasello's case, McMahon's mishandling of her representation and the court's orders need not be given deference or consideration. <u>Bopp v. Wells Fargo Bank, N.A</u>., 740 F.Supp.2d 12,14 (D.D.C. 2010).

Certainly, non-factual allegations that have no basis cannot support plaintiffs' claims. For example, plaintiffs allege that Lewis did not appear at the hearing because Greenzweig threatened her with sanctions, that Greenzweig had similarly threatened other local counsel, that Lewis' reasons for seeking to withdraw as counsel were fabricated, and that Lewis intentionally misinformed McMahon about his *pro hac vice* status (Opp. at 12-13). There are no facts in the Complaint or Opposition that support these irrational and outrageous claims. Plaintiffs routinely assign motives to defendants with no factual basis, where they cannot possibly know their mind. These allegations amount to pure speculation and conjecture, and cannot be considered as true in this Court's consideration of Lewis' Rule 12(b)(6) motion. The standard of review does not require that this Court accept outrageous allegations with no plausible basis in fact. Plaintiffs impermissibly draw baseless conclusions at great remove from the undisputed facts, and it is not reasonably possible to infer a conspiracy.

Lewis hereby adopts and incorporates the arguments of co-defendants Greenzweig and Reilly in their Reply to plaintiffs' Opposition to their Motion to Dismiss Counts I and II to the extent applicable as if fully set forth herein.

## II.     **Counts III (Breach of Contract) and VI (Legal Malpractice)**

For the reasons previously raised in Lewis' Motion to Dismiss, Lewis did not "contract" with McMahon – she agreed to act as local counsel <u>for Tomasello</u> (Opp. at 16-17). The email

attached as an exhibit to the Opposition merely reiterates this agreement and is not evidence of any contract with McMahon, individually. Plaintiffs cite no authority for the proposition that co-counsel who share a contingent fee in a case are contractually bound to one another. The fact that Lewis agreed to represent Tomasello as local counsel does not give McMahon standing as a third-party beneficiary under a breach of contract theory. Plaintiffs acknowledge that in Virginia, only direct and "clearly and definitely intended" beneficiaries of a contract may enforce its terms (Opp. at 17); see also <u>Frank Brunckhorst Co., LLC v. Coastal Atlantic, Inc</u>., 542 F.Supp.2d 452 (E.D.Va. 2008). Under the circumstances of this case, McMahon cannot show that Lewis' agreement to provide limited legal services to Tomasello clearly and definitely intended to confer a benefit on him. <u>Collins v. First Union National Bank</u>, 272 Va. 744, 636 S.E.2d 442 (2006). As plaintiffs point out in their Opposition, merely incidental beneficiaries to a contract do not have standing to sue (Opp. at 17-18).

In their Opposition, plaintiffs cite to <u>Kelly v. Stamos</u>, 285 Va. 68, 74.73, 737 S.E.2d 218 (2013) for the premise that McMahon has standing under these circumstances (Opp. at 17). That case, which is inapposite to the facts here, considered whether the Commonwealth's Attorney had standing to issue a writ of mandamus against a general district court judge, directing him to sentence a criminal defendant within twenty-one days of its order on the charge of driving while intoxicated. Applying a statute related to the duties of elected officials (Va. Code Ann. §15.2-162(B)), the court found that standing existed. <u>Kelly</u>, 285 Va. at 74. The statute and rationale for the decision is plainly not applicable here.

As damages, McMahon contends that Lewis "sabotaged" his opportunity to earn a contingency fee (Opp. at 18). Since Tomasello's case was fatally flawed from the beginning, there was no legitimate fee to be earned. In any event, McMahon's own malpractice made sure

4

of that. As noted above, there was no proximate relation between any acts by Lewis and the dismissal of Tomasello II. McMahon, who was never a "clearly and definitely intended beneficiary" of Tomasello's limited retainer of Lewis, cannot maintain any action for breach of contract against her.

Count VI for legal malpractice is redundant and should be dismissed. Since legal malpractice actions are considered claims for breach of contract in Virginia, plaintiffs cannot maintain an independent cause of action entitled "legal malpractice." O'Connell v. Bean, 556 S.E.2d 741, 743 (Va. 2002). The cases outlining the elements for legal malpractice cited in the Opposition involve contractual duties, and do not establish a separate cause of action as alleged (Opp. at 20).

### III.   Venue

Venue is not proper for the reasons stated in Lewis' Motion to Dismiss. Nothing in plaintiffs' Opposition to the contrary is persuasive, as all substantive acts giving rise to plaintiffs' claims occurred in Virginia. Defendants are two Virginia lawyers and a Virginia resident who have been sued over handling of litigation in Virginia for Tomasello, a Virginia resident. The only tie to the District is McMahon, who also acted as counsel in the Virginia matter. By any analysis,  venue in this Court is improper. *See* Steen v. Murray, 770 F.3d 698, 704 (8th Cir. 2014).

### IV.   Punitive Damages

In their Opposition, plaintiffs claim that Tomasello can seek punitive damages because "her allegations go well beyond breach of a mere contractual obligation to an intentional and malicious undertaking" (Opp. at 20-21). As Lewis has already pointed out, legal malpractice claims are based in contract, and punitive damages are not appropriate or recoverable in a

contract action. Kamlar Corp. v. Haley, 224 Va. 699, 299 S.E.2d 514 (1983). Thus, the punitive damage claim should be stricken.

WHEREFORE, for all of the foregoing reasons and the reasons previously set forth, defendant Hasina Lewis requests that this case be dismissed with prejudice, and costs awarded against Tomasello and McMahon, including reasonable attorneys' fees.

**HASINA LEWIS**

By:     /s/ David D. Hudgins
        Counsel

David D. Hudgins, Esquire; D.C. Bar No. 362451
HUDGINS LAW FIRM, P.C.
515 King Street, Suite 400
Alexandria, Virginia  22314
(703) 739-3300
dhudgins@hudginslawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of May, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification of such filing (NEF) to all counsel of record.

By: /s/ David D. Hudgins
    Counsel