UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| PATRICIA TOMASELLO, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) No. 19-cv-0384 (KBJ) |
| JAMIE GREENZWEIG, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The claims in the instant lawsuit arise out of the disposition of a prior legal action that Plaintiff Patricia Tomasello filed in a state court in Virginia in 2016. (*See* Compl., ECF No. 1, at 1–2.) In that prior lawsuit (hereinafter referred to as the "2016 Lawsuit"), Tomasello was represented by attorney Martin McMahon. (*See* Compl. ¶¶ 1, 2.) The state court dismissed Tomasello's case, and shortly thereafter, Tomasello and McMahon (collectively, "Plaintiffs") filed the instant tort action against three individuals who had been involved with the state-court litigation, seeking damages for, in essence, an alleged unlawful conspiracy to have the 2016 Lawsuit dismissed. (*See id.* ¶¶ 15–17.)

Before this Court at present are two motions to dismiss that Defendants Jamie Greenzweig, Michael Reilly, and Hasina Lewis have filed with respect to this matter. (*See* Defs. Greenzweig and Reilly's Mem. in Support of Mot. to Dismiss ("Defs. Greenzweig & Reilly's Mem."), ECF No. 4-1; Def. Lewis's Mem. in Support of Mot. to Dismiss ("Def. Lewis's Mem."), ECF No. 10.) In addition to asserting that Plaintiffs'

complaint fails to state a claim upon which relief can be granted (*see* Defs. Greenzweig & Reilly's Mem. at 25–43; Def. Lewis's Mem. at 12–17), Defendants argue that this Court lacks both subject matter jurisdiction over Plaintiffs' claims (*see* Defs. Greenzweig & Reilly's Mem. at 23–25; Def. Lewis's Mem. at 9–10), and personal jurisdiction over Greenzweig and Reilly (*see* Defs. Greenzweig & Reilly's Mem. at 12–20).[1] Defendants further maintain that Plaintiffs have selected the wrong venue for this litigation. (*See* Defs. Greenzweig & Reilly's Mem. at 21–23; Def. Lewis's Mem. at 10–12).

For the reasons explained below, this Court agrees that venue is improper in the District of Columbia, and the Court further concludes that transferring this case to the United States District Court for the Eastern District of Virginia ("EDVA") is warranted, in lieu of outright dismissal. Consequently, the Defendants' motions to dismiss will be **GRANTED IN PART** and **DENIED IN PART**, and the instant case will be **TRANSFERRED** forthwith to the EDVA. A separate Order consistent with this Memorandum Opinion will follow.

I.

Tomasello has been a firefighter with the Fairfax County Fire Department ("FCFD") for over 20 years. (*See* Compl. ¶ 1.) Tomasello claims that she was subjected to "severe work place harassment" at the hands of her FCFD co-workers and supervisors throughout her tenure with the FCFD. (*Id.*; *see also* Amended Compl., Ex.

---

[1] Page number citations to the documents that the parties have filed refer to those that the Court's electronic case filing system automatically assigns.

12 to Defs. Greenzweig and Reilly's Mot. to Dismiss ("2016 Lawsuit Compl."), ECF No. 4-14, at 7–16.) In the 2016 Lawsuit, Tomasello filed suit against fifteen FCFD-related defendants, who allegedly engaged in a civil conspiracy to transfer her out of the FCFD's Investigations Unit, and thereby intentionally interfered with Tomasello's employment contract with the FCFD in a manner that inflicted emotional distress.[2] (*See* 2016 Lawsuit Compl. at 23–46.) Tomasello retained McMahon to represent her in the 2016 Lawsuit (*see* Compl. ¶ 2); the FCFD defendants—including Michael Reilly, who was the Deputy Chief of the FCFD—were represented by Jamie Greenzweig, an assistant county attorney for Fairfax County (*see id.* ¶¶ 3, 19).

Notably, McMahon sought to retain local counsel to assist with the prosecution of the 2016 Lawsuit because he is not a member of the Virginia bar. (*See id.* ¶ 20.) In the instant complaint, Tomasello and McMahon allege that Greenzweig threatened both the first and second individuals whom McMahon retained as local counsel and convinced them to drop the case, and that she did so as part of a conspiracy with Reilly to secure dismissal of the 2016 Lawsuit. (*See id.* ¶¶ 24–27.) Plaintiffs further allege that a third local counsel whom McMahon subsequently hired—Defendant Hasina Lewis—actually joined Greenzweig and Reilly's conspiracy after Greenzweig threatened her. (*See id.* ¶¶ 28–32.) For her part, in furtherance of the conspiracy, Lewis allegedly misrepresented to McMahon that McMahon had been admitted to the

---

[2] Incidentally, the 2016 Lawsuit followed the disposition of an earlier case that Tomasello brought against Fairfax County in the United States District Court for the Eastern District of Virginia. In that prior lawsuit, Tomasello alleged that various members of the FCFD had violated Title VII. (*See* Compl. ¶ 2.) The court granted Fairfax County summary judgment on all of Tomasello's claims. *See Tomasello v. Fairfax Cty.*, No. 1:15-CV-95, 2016 WL 165708, at *27 (E.D. Va. Jan. 13, 2016).

3

state court *pro hac vice* (*see id.* ¶¶ 34, 35, 38), and then intentionally failed to attend two court hearing dates (*see id.* at ¶¶ 32, 35, 38). Due to Lewis's alleged misrepresentations, McMahon mistakenly believed he would be able to present oral argument in court and was embarrassed when he learned that he had not been admitted and would not be able to do so. (*See id.* ¶¶ 35, 76.)

In any event, the state court judge ultimately dismissed the 2016 Lawsuit with prejudice (*see id.* ¶ 38), on the grounds that Tomasello had "failed to plead facts sufficient to sustain her claim[s]" (*see* Order, Ex. 5 to Defs. Greenzweig and Reilly's Mot. to Dismiss, ECF No. 4-7, at 1–2). Plaintiffs then filed the six-count complaint that is presently before this Court, which specifically alleges that Reilly, Greenzweig, and Lewis violated two federal statutes (namely, 42 U.S.C. § 1983 (Count I) and 42 U.S.C. § 1985(2) (Count II)); that Lewis committed breach of contract (Count III), negligence (Count IV), and legal malpractice (Count VI); and that Greenzweig and Reilly committed malicious interference with contractual relations (Count V). (*See id.* ¶¶ 57–96.)

Defendants Greenzweig and Reilly filed a motion to dismiss on March 12, 2019, in which they argue that this Court lacks both subject matter jurisdiction and personal jurisdiction. (*See* Defs. Greenzweig & Reilly's Mem. at 12–25.) Defendants also contend that venue is improper in the District of Columbia and that Plaintiffs have failed to state a claim upon which relief may be granted. (*See id.* at 25–46.) Defendant Lewis filed a motion to dismiss on April 11, 2019, in which she, too, argues that this Court lacks subject matter jurisdiction, that venue is improper in the District of Columbia, and that Plaintiffs have failed to state a claim upon which relief may be

4

granted. (*See* Def. Lewis's Mem. at 9–17.) Plaintiffs filed oppositions to each motion on April 15, 2019, and May 20, 2019, respectively. (*See* Pls.' Opp'n to Defs. Greenzweig & Reilly's Mot. to Dismiss, ECF No. 12; Pls.' Opp'n to Def. Lewis's Mot. to Dismiss, ECF No. 15.) Defendants Greenzweig and Reilly filed a reply on April 22, 2019. (*See* Defs.' Greenzweig & Reilly's Reply, ECF No. 13.) Defendant Lewis filed her reply on May 22, 2019. (*See* Def. Lewis's Reply, ECF No. 16.)

II.

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to move to dismiss a case for improper venue. *See* Fed. R. Civ. P. 12(b)(3); *see also* 28 U.S.C. § 1406(a) (instructing a district court to dismiss or transfer a case filed "in the wrong division or district"). Where, as here, defendants have raised multiple grounds for dismissal, federal district courts may "choose among threshold grounds for denying audience to a case on the merits." *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)). Moreover, "certain non-merits, nonjurisdictional issues may be addressed preliminarily, because '[j]urisdiction is vital only if the court proposes to issue a judgment on the merits.'" *Pub. Citizen v. U.S. Dist. Court for D.C.*, 486 F.3d 1342, 1348 (D.C. Cir. 2007) (quoting *Sinochem*, 549 U.S. at 431) (alteration in original). Thus, this Court proceeds first with determining the propriety of venue.

"The Supreme Court [has] explained that '[w]hether venue is wrong or improper depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws.'" *Delta Sigma Theta Sorority Inc. v. Bivins*, 20 F. Supp. 3d 207, 210 (D.D.C. 2014) (second alteration in original) (quoting *Atl. Marine*

5

*Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 55 (2013)). Federal law deems venue proper in the district (1) where any defendant resides, if all defendants reside in the same state, or (2) where "a substantial part of the events or omissions giving rise to the claim occurred," or (3) where any defendant "is subject to the court's personal jurisdiction with respect to an action" if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

"In reviewing a motion to dismiss for improper venue, the [district] court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Delta Sigma*, 20 F. Supp. 3d at 211 (internal quotation marks and citation omitted). However, "the burden remains on the plaintiff to establish that venue is proper since it is the plaintiff's obligation to institute the action in a permissible forum[.]" *Id.* (internal quotation marks and citations omitted). Moreover, "[t]he court may resolve the motion on the basis of the complaint alone, or, as necessary, examine facts outside the complaint that are presented by the parties, while drawing reasonable inferences in favor of the plaintiff." *McCain v. Bank of Am.*, 13 F. Supp. 3d 45, 51 (D.D.C. 2014), *aff'd sub nom. McCain v. Bank of Am. N.A.*, 602 F. App'x 836 (D.C. Cir. 2015) (citing *Herbert v. Sebelius*, 925 F. Supp. 2d 13, 17–18 (D.D.C.2013)).

If venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Dismissal is appropriate when the "plaintiff's claims suffer from significant substantive deficiencies, but ultimately, whether to dismiss or transfer is

committed to the sound discretion of the district court." *See King v. Caliber Home Loans, Inc.*, 210 F. Supp. 3d 130, 134 (D.D.C. 2016) (internal quotation marks and citation omitted).

III.

Plaintiffs concede that the only basis for venue in this district is section 1391(b)(2), which requires that, in order for venue to be proper in the District of Columbia, a substantial part of the events giving rise to the claim must have occurred in the District. (*See* Pls.' Mem. in Support of Pls.' Opp'n to Defs. Greenzweig and Reilly's Mot. to Dismiss ("Pls.' Opp'n to Greenzweig & Reilly"), ECF No. 12-1, at 31.) In determining whether events are "*sufficiently* substantial" for the purpose of section 1391(b)(2), a court "should review the entire sequence of events underlying the claim." *FC Inv. Grp. LC v. Lichtenstein*, 441 F. Supp. 2d 3, 11 (D.D.C. 2006) (emphasis added) (internal quotation marks and citation omitted).

Plaintiffs specifically point to the following to support their contention that there is a sufficient connection between the events at issue in this case and the District of Columbia for section 1391(b)(2) purposes: (1) two phone calls Greenzweig made to McMahon's office in the District, where the first local counsel worked, allegedly to intimidate the first local counsel; and (2) twelve faxes Greenzweig sent to McMahon's office, allegedly to mislead McMahon into believing that Lewis would be in attendance at certain court hearings. (*See* Pls.' Opp'n to Greenzweig & Reilly at 31, 33.) In support of their motions to dismiss, Defendants maintain that each of the alleged events that gives rise to Plaintiffs' claims *actually* occurred in Virginia; specifically, the 2016 Lawsuit was pending in a Virginia state court and was eventually dismissed by that

7

court; Lewis's office is located in Virginia; Lewis failed to appear for hearings in a Virginia court; and any actions or conversations between the three alleged conspirators occurred in Virginia. (*See* Defs. Greenzweig & Reilly's Mem. at 22; Def. Lewis's Mem. at 10–11.) Although Plaintiffs correctly argue that a substantial part of the events giving rise to a claim can occur in more than one forum (*see* Pls.' Opp'n to Greenzweig & Reilly at 32 (citing *FC Inv. Grp.*, 441 F. Supp. 2d at 11)), this Court concludes that the events that Plaintiffs point to as having occurred in the District are in themselves insufficient to support venue in the District, because they do not constitute a substantial part of the events that give rise to Plaintiffs' claims in this case.

With respect to the events that actually comprise Plaintiffs' claims, Plaintiffs' complaint details the following allegedly conspiratorial acts of Defendants:

- Greenzweig and Reilly meeting in the Spring of 2016 to formulate their plan to threaten McMahon's local counsel (*see* Compl. ¶¶ 19–20);
- Greenzweig threatening McMahon's second local counsel causing him to drop out of the case (*see id.* ¶ 27);
- Greenzweig and Reilly conferring again after learning McMahon had hired Lewis, the third local counsel, and agreeing to threaten Lewis (*see id.* ¶ 29);
- Greenzweig then threatening Lewis (*see id.* ¶ 31);
- Lewis and Greenzweig engaging in "a series of meetings[,]" after which Lewis "agreed to obstruct justice and conspired with Greenzweig and Reilly to secure dismissal of the [2016 Lawsuit]" (*id.* ¶ 4);

- Greenzweig and Lewis exchanging "approximately 80 emails" allegedly "to coordinate the dismissal of the [2016 Lawsuit]" (*id.*);

- Lewis providing Greenzweig with dates that she was not available for oral argument without informing McMahon that she was unavailable to appear on those dates (*id.* ¶¶ 32);

- Lewis agreeing to mislead McMahon on the status of his *pro hac vice* admission (*see id.* ¶ 34);

- Lewis failing to appear in Virginia state court at "a critical hearing for oral argument on January 20, 2017" (*id.* ¶ 35);

- Reilly allegedly saying to Greenzweig, after leaving the courtroom in Virginia, "What are we going to do about that prick?" in reference to McMahon (*id.* ¶36); and

- Lewis failing to appear in Virginia state court at a "second crucial hearing" (*id.* ¶ 38).

Plaintiffs have not asserted that *any* of these specific acts occurred in the District of Columbia. Moreover, based on Plaintiffs' uncontradicted assertions regarding Defendants' domiciles and offices—i.e., both Greenzweig and Reilly are domiciled in Virginia (*see* Compl. ¶¶ 3, 5); both are employed in Fairfax County, Virginia (*see id.*); and Lewis has a "small litigation practice in Fairfax County" (*id.* ¶¶ 4, 28)—this Court also cannot reasonably *infer* that any of the aforementioned acts occurred in the District. What is more, it is undisputed that the 2016 Lawsuit was heard in Fairfax County Circuit Court, and Plaintiffs have conceded that Greenzweig and Reilly entered

into the alleged conspiracy in the state of Virginia. (*See* Pls.' Opp'n to Greenzweig & Reilly at 32.) And, again, the only events related to their claims that Plaintiffs now say occurred in the District are two phone calls that Greenzweig made, and twelve faxes that Greenzweig sent, to McMahon's D.C. office. (*See* Pls.' Opp'n to Greenzweig & Reilly at 31, 33.) Thus, this Court finds that only a small fraction of the alleged events that give rise to Plaintiffs' claims took place in the District, and as a result, the factual basis for Plaintiffs' claims did not occur in "substantial part" in the District of Columbia. 28 U.S.C. § 1391(b)(2); *see also Shay v. Sight & Sound Sys., Inc.*, 668 F. Supp. 2d 80, 84 (D.D.C. 2009).

Two more points are worth mentioning. First, to the extent that Plaintiffs are suggesting that the *volume* of phone calls and the *number* of faxes that are expressly connected to the District are sufficient to support venue in and of themselves, the complaint's allegations regarding the remaining activities of Defendants in furtherance of the conspiracy belie that point. In particular, the complaint alleges that there was "a series of meetings" in which Defendants allegedly agreed to conspire to secure dismissal of the 2016 Lawsuit (Compl. ¶ 4), and "approximately 80 emails" were exchanged between Lewis and Greenzweig (*id.* ¶ 31)—in fact, it was that "extraordinary number" of communications on this topic that allegedly convinced McMahon that they were "conferring . . . to coordinate dismissal of the [2016 Lawsuit]" (*id.*). Yet, those interactions in furtherance of the alleged conspiracy occurred *outside* of the District of Columbia, which alone demonstrates that two phone calls and twelve faxes to McMahon's office do not constitute a substantial portion of events giving rise to Plaintiffs' claims. *See, e.g.*, *Cockrum v. Donald J. Trump for President, Inc.*, 319 F.

Supp. 3d 158, 190 (D.D.C. 2018) (finding insufficient for venue purposes "two meetings and some emails involving a sender or recipient in the District that could possibly be linked to [the] alleged conspiracies" where plaintiffs had alleged "that defendants largely orchestrated the alleged conspiracies from New York").

It is also indisputable that the crux of Plaintiffs' claims is their contention that the state court's dismissal of the 2016 Lawsuit was the cause of their injuries. (*See* Compl. ¶ 14.) And Plaintiffs further allege that it was Lewis's intentional failure to appear at two hearings in the Virginia state court that caused the dismissal to occur. (*See id.* ¶¶ 38, 75, 76, 82.) The emphasis that Plaintiffs place on Lewis's failure to appear at these hearings—appearances that Plaintiffs characterize as "important[,]" "crucial[,]" "critical[,]" and "significant" (*Id.* ¶¶ 47, 52, 54, 55, 74)—demonstrates that among the various events that give rise to the Plaintiffs' legal claims, the truly *substantial* ones (and here the Court is considering the weight of the events, not just the quantifiable number) are the threats that Greenzweig allegedly made to induce Lewis not to appear and the Virginia state court's resulting dismissal of the case, neither of which occurred in the District of Columbia. Moreover, and importantly, to the extent that these crucial events appear to have occurred in the Eastern District of Virginia, there is another forum in which this action may be properly brought for venue purposes. *See, e.g.*, *Shay*, 668 F. Supp. 2d at 85; *Roland v. Branch Banking & Trust Corp.*, 149 F. Supp. 3d 61, 69 (D.D.C. 2015).

IV.

This Court finds that, because Plaintiffs have failed to meet their burden of showing that a substantial part of events giving rise to their claims occurred in the

11

District of Columbia, venue is improper in this forum. In addition, it is well established that "the standard remedy for improper venue is to transfer the case to the proper court rather than dismissing it—thus preserving a petitioner's ability to obtain review." *Nat'l Wildlife Fed'n v. Browner*, 237 F.3d 670, 674 (D.C. Cir. 2001). Transfer rather than dismissal is especially warranted where, as here, the plaintiffs are *pro se*, and "it would be more efficient and economical to transfer the case . . . rather than force [Plaintiffs] to re-file and re-serve [their] Complaint in another District." *Roland*, 149 F. Supp. 3d at 69 (citing 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3827 (3d ed. 2015)).

Accordingly, this Court concludes that, because venue is improper in the District of Columbia, it is in the interest of justice to transfer this case to the United States District Court for the Eastern District of Virginia, where venue is proper, rather than dismissing the action (as Defendants request). Thus, as set forth in the accompanying Order, the Defendants' motions to dismiss will be **GRANTED IN PART** and **DENIED IN PART**, and the instant case will be **TRANSFERRED** forthwith to the EDVA pursuant to 28 U.S.C. § 1406(a).

DATE: March 13, 2020

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge